ORIGINAL

**Stephen M. Feldman,** OSB No. 93267, sfeldman@perkinscoie.com
**Thomas R. Johnson,** OSB No. 01064; trjohnson@perkinscoie.com
PERKINS COIE LLP
1120 NW Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: (503) 727-2000
Fax: (503) 727-2222

FILED'05 AUG 19 11:19USDC·ORP

    Attorneys for Plaintiffs

**Jerre B. Swann**; jswann@kilpatrickstockton.com
**William H. Brewster**; bbrewster@kilpatrickstockton.com
**R. Charles Henn Jr.;** chenn@kilpatrickstockton.com
KILPATRICK STOCKTON LLP
Suite 2800
1100 Peachtree Street
Atlanta, GA 30309
Telephone:  (404) 815-6500
Facsimile:  (404) 815-6555

    Of Counsel for Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **ADIDAS AMERICA, INC.** and **ADIDAS-SALOMON AG,**<br><br>     Plaintiffs,<br><br>v.<br><br>**WAL-MART STORES, INC.,**<br><br>     Defendant. | NO.  '051297  HU<br><br>**COMPLAINT**<br><br>(Trademark Infringement, Trademark Dilution, Unfair Competition, Deceptive Trade Practices, and Breach of Contract)<br><br>**DEMAND FOR JURY TRIAL** |

1-  COMPLAINT

[21184-0055/PA052290.080]

Plaintiffs adidas America, Inc. and adidas-Salomon AG (collectively, "adidas" or "Plaintiffs") state the following for their complaint against Wal-Mart Stores, Inc. ("Wal-Mart" or "Defendant"):

1.      This is an action at law and in equity for trademark infringement and dilution, injury to business reputation, unfair competition, deceptive trade practices, and breach of contract arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq.* (1994) ("Lanham Act"); the antidilution laws of the several states, including the Oregon antidilution statute, OR. REV. STAT. § 647.107; the fair business practices and unfair and deceptive trade practices acts of the several states, including the Oregon Unlawful Competition Act, O.R.S. §§ 646.605 to 646.656; and the common law.

2.      Defendant is offering for sale and selling footwear that bears confusingly similar imitations of adidas's registered Three-Stripe Mark.  Defendant's footwear is not manufactured by adidas, nor is Defendant connected or affiliated with, or authorized by, adidas in any way. Defendant's merchandise is likely to cause confusion and to deceive consumers and the public regarding its source, and Defendant's merchandise dilutes and tarnishes the distinctive quality of adidas's mark.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338.  This Court has jurisdiction over adidas's related state and common-law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

4.      This Court has personal jurisdiction over Defendant because, on information and belief, Defendant has distributed or sold infringing merchandise within this State, has engaged in acts or omissions within this State causing injury, has engaged in acts or omissions outside of this State causing injury within this State, has manufactured or distributed products used or consumed within this State in the ordinary course of trade, or has otherwise made or established contacts with this State sufficient to permit the exercise of personal jurisdiction.

2-   COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  (503) 727-2000
Fax:  (503) 727-2222

5.      This District is a proper venue pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to adidas's claims occurred in this District.

## THE PARTIES

6.      Plaintiff adidas-Salomon AG is a joint stock company organized and existing under the laws of the Federal Republic of Germany, having its office and principal place of business at Postfach 1120, D-91072 Herzogenaurach, Federal Republic of Germany.

7.      Plaintiff adidas America, Inc., is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 5055 N. Greeley Avenue, Portland, Oregon 97217.  adidas America, Inc., is wholly-owned by adidas-Salomon AG and its affiliates, and within this country adidas America is a distributor of ADIDAS brand merchandise, including goods bearing the distinctive Three-Stripe Mark.

8.      On information and belief, Defendant Wal-Mart Stores, Inc. is a Delaware corporation with a principal place of business at 702 SW 8th Street, Bentonville, Arkansas 72716. The registered agent is The Corporation Company, 425 W. Capitol Ave., Suite 1700, Little Rock, Arkansas 72201.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.      adidas's Three-Stripe Mark**

9.      adidas is currently, and for years has been, one of the world's leading manufacturers of athletic footwear, sportswear, and sporting equipment.  Over forty years ago, adidas first placed three parallel bands on its athletic shoes, and the Three-Stripe Mark came to signify the quality and reputation of adidas footwear to the sporting world early in the company's history.

10.      At least as early as 1952, adidas began using the Three-Stripe Mark on athletic footwear sold in the United States and worldwide.  Pages from adidas catalogs featuring footwear bearing the Three-Stripe Mark are attached as **Exhibit 1**.

3-    COMMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  (503) 727-2000
Fax: (503) 727-2222

11.    adidas is the owner of a federal trademark registration, Reg. No. 1,815,956, issued by the United States Patent and Trademark Office on January 11, 1994, for the Three-Stripe Mark, as depicted below, for "athletic footwear."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable.  A copy of the Certificate of Registration for this mark is attached as **Exhibit 2**.

12.    adidas is the owner of a federal trademark registration, Reg. No. 1,833,868, issued by the United States Patent and Trademark Office on May 3, 1994, for the Three-Stripe Mark, as depicted below, covering "athletic footwear."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable.  A copy of the Certificate of Registration for this mark is attached as **Exhibit 3**.

4-   COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  (503) 727-2000
Fax:  (503) 727-2222

13.    adidas is the owner of a federal trademark registration, Reg. No. 2,278,589, issued by the United States Patent and Trademark Office on September 21, 1999, for the Three-Stripe Mark, as depicted below, covering "athletic footwear."

Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058



and 1065, and this registration is incontestable.  A copy of the Certificate of Registration for this mark is attached as **Exhibit 4**.

14.    adidas is the owner of a federal trademark registration, Reg. No. 2,909,861, issued by the United States Patent and Trademark Office on December 14, 2004, for the Three-Stripe Mark, as depicted below, covering "footwear, namely, slides."



A copy of the Certificate of Registration for this mark is attached as **Exhibit 5**.

15.    adidas also owns numerous additional trademark registrations for the Three-Stripe Mark covering footwear and various items of apparel including U.S. Reg. Nos. 870,136, 961,353, 2,016,963, 2,058,619, 2,284,308, and 2,278,591.  A copy of the Certificate of Registration for each of these marks is attached as **Exhibit 6**.

16.    adidas's Three-Stripe Mark is well known and famous and has been for many years.  adidas has used the Three-Stripe Mark in connection with its frequent sponsorship of

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  (503) 727-2000
Fax:  (503) 727-2222

[21184-0055/PA052290.080]

sports tournaments and organizations, as well as professional athletes and collegiate sports teams. For example, adidas has long-term relationships with the New York Yankees, Notre Dame, the University of California at Los Angeles, the University of Nebraska, and the University of Tennessee. Among many others, NBA stars Tim Duncan, Kevin Garnett, and Tracy McGrady, professional golfer Sergio Garcia, baseball player Nomar Garciaparra, and soccer stars David Beckham and Eddie Pope all are sponsored by adidas. For many years, adidas has been a sponsor of the World Cup soccer tournament, the world-famous Boston Marathon, and many other events, teams, and individuals. Prominent use of the Three-Stripe Mark in connection with these sponsorship activities has further enhanced the mark's recognition and fame.

17.    The Three-Stripe Mark is non-functional, and the public well recognizes and understands that the Three-Stripe Mark distinguishes and identifies adidas's merchandise. Indeed, unsolicited media coverage has referred to the "signature three stripes" (*L.A. Times*, August 13, 2004), the "famous brand with the three stripes" (*San Francisco Chronicle*, July 7, 2002), and the "legendary Adidas three stripes" (*Brand Strategy*, September 27, 1999).

One author noted:

> The German soccer team sports the Adidas brand, while Brazil wears the logo of Beaverton, Ore.-based Nike Inc. Even the referee, the distinctive bald-headed Italian Pierluigi Collina, has appeared in an Adidas ad. And with more than one billion people worldwide expected to tune in to see Adidas' three stripes take on the Nike swoosh, branding doesn't get to be bigger than this. But the sort of exposure that Adidas has had through this World Cup over recent weeks has its downside. It has inspired counterfeiters to plaster the distinctive three stripes on everything they can think of. . . .

Elizabeth Souder, "adidas Relishes World Cup Branding, As do Counterfeiters," Associated Press, June 28, 2002.

18.    adidas also owns a federal registration for a word mark using the term "three stripes," namely THE BRAND WITH THE THREE STRIPES, Reg. No. 1,674,229, for sport and leisure wear. A copy of the Certificate of Registration for this mark is attached as **Exhibit 7**.

6-    COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  (503) 727-2000
Fax: (503) 727-2222

19.     For decades, adidas has extensively and continuously used and promoted the Three-Stripe Mark in connection with athletic footwear and sportswear.  In recent years, annual sales of products bearing the Three-Stripe Mark have totaled in the billions of dollars globally and in the hundreds of millions of dollars within the United States.  The Three-Stripe Mark has achieved international fame and tremendous public recognition.

20.     Since introducing its Three-Stripe Mark, adidas has spent millions of dollars promoting the mark and products bearing the mark.  As a result of adidas's continuous and exclusive use of the Three-Stripe Mark in connection with its products, the mark enjoys wide public acceptance and association with adidas, and has come to be recognized widely and favorably by the public as an indicator of the origin of adidas's goods.

21.     As a result of adidas's extensive use and promotion of its Three-Stripe Mark, adidas has built up and now owns valuable goodwill that is symbolized by the mark.  The purchasing public has come to associate the Three-Stripe Mark with adidas.

**B.     The Settlement Agreement**

22.     In 2002, Defendant offered for sale and sold the four-stripe shoe depicted below, which was essentially an imitation of adidas's SUPERSTAR shoe.

**adidas's SUPERSTAR shoe**                    **Wal-Mart Imitation**




7-   COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  (503) 727-2000
Fax:  (503) 727-2222

[21184-0055/PA052290.080]

23.     On August 13, 2002, adidas filed suit against Defendant in the United States District Court for the District of Oregon, in a case styled *adidas-Salomon AG and adidas America, Inc. v. Wal-Mart Stores, Inc.* (CV-02-1105-KI), which included claims for trademark infringement, trade dress infringement, and unfair competition arising out of, among other things, Defendant's sale of this four-stripe footwear.

24.     Defendant and adidas resolved the dispute and entered into a Settlement Agreement dated November 1, 2002 (the "Settlement Agreement"). A true and correct copy of the Settlement Agreement, redacted to comply with its confidentiality provision, is attached as **Exhibit 8**.

25.     In the Settlement Agreement, Defendant acknowledged the validity of adidas's rights in the Three-Stripe Mark as used in connection with footwear, including the validity of adidas's federal and state trademark registrations.

26.     In the Settlement Agreement, Defendant agreed not to "at any time take any action contesting or in any way impairing or tending to impair any part of adidas's right, title and interest in and to the THREE STRIPE Mark, including any application or registration therefor. The prohibition in the preceding sentence includes, but is not limited to, asserting in any proceeding that the THREE STRIPE Mark is not distinctive, or that the THREE STRIPE Mark is generic, descriptive, functional or mere ornamentation on footwear."

27.     In the Settlement Agreement, Defendant also agreed to "cease and permanently refrain from displaying, selling or offering for sale . . . any footwear bearing the THREE STRIPE Mark or any confusingly similar imitation thereof."

### DEFENDANTS' UNLAWFUL ACTIVITIES

28.     On information and belief, Defendant is a retailer that is distributing, marketing, offering for sale, and selling goods in interstate commerce that bear a confusingly similar

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: (503) 727-2000
Fax: (503) 727-2222

imitation of adidas's Three-Stripe Mark, including the footwear depicted below:



29.    Defendant is also distributing, marketing, offering for sale, and selling goods in Canada that bear a confusingly similar imitation of adidas's Three-Stripe Mark, including the footwear depicted below:

 

9-   COMPLAINT

Perkins Coie LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  (503) 727-2000
Fax:  (503) 727-2222



30.     The goods marketed, sold, and offered for sale by Defendant are not manufactured by adidas, nor is Defendant associated or connected with adidas, or licensed, authorized, sponsored, endorsed, or approved by adidas in any way.

31.     adidas used the Three-Stripe Mark extensively and continuously before Defendant began using confusingly similar imitations of adidas's footwear.

32.     The goods sold by Defendant are similar to and compete with goods sold by adidas, and are sold through overlapping channels of trade.

33.     Defendant's use of confusingly similar imitations of adidas's Three-Stripe Mark is likely to deceive, confuse, and mislead prospective purchasers and purchasers into believing that footwear sold by Defendant is manufactured by, authorized by, or in some manner associated with adidas, which it is not.  The likelihood of confusion, mistake, and deception engendered by Defendant's misappropriation of adidas's mark is causing irreparable harm to the goodwill symbolized by the Three-Stripe Mark and the reputation for quality that it embodies.

34.     Defendant's activities are likely to cause confusion before, during, and after the time of purchase because purchasers, prospective purchasers, and others viewing Defendant's footwear at the point of sale or on a wearer are likely – due to Defendant's use of confusingly similar imitations of the Three-Stripe Mark – to mistakenly attribute the product to adidas.  This is particularly damaging with respect to those persons who perceive a defect or lack of quality in Defendant's products.  By causing such a likelihood of confusion, mistake, and deception,

[21184-0055/PA052290.080]

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  (503) 727-2000
Fax:  (503) 727-2222

Defendant is inflicting irreparable harm to the goodwill symbolized by the Three-Stripe Mark and the reputation for quality that it embodies.

35.    Upon information and belief, Defendant continues to use confusingly similar imitations of adidas's Three-Stripe Mark in connection with the sale of products that are directly competitive to those offered by adidas.  Defendant began selling these imitations well after adidas established protectable rights to its Three-Stripe Mark, and well after the Three-Stripe Mark became famous.

36.    On information and belief, Defendant knowingly, willfully, intentionally, and maliciously adopted and used confusingly similar imitations of adidas's Three-Stripe Mark.

## FIRST CLAIM FOR RELIEF
### (Federal Trademark Infringement)

37.    adidas repeats and incorporates by reference the allegations contained in paragraphs 1-36.

38.    Defendant's use of confusingly similar imitations of adidas's Three-Stripe Mark is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's goods are manufactured or distributed by adidas, or associated or connected with adidas, or have the sponsorship, endorsement, or approval of adidas.

39.    Defendant has used marks confusingly similar to adidas's federally registered marks in violation of 15 U.S.C. § 1114, and Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to adidas's goodwill and reputation as symbolized by the federally registered Three-Stripe Mark, for which adidas has no adequate remedy at law.

40.    Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's federally registered Three-Stripe Mark to adidas's great and irreparable injury.

11-  COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  (503) 727-2000
Fax: (503) 727-2222

41.    Defendant has caused and is likely to continue causing substantial injury to the public and to adidas, and adidas is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits, and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

## SECOND CLAIM FOR RELIEF
### (Federal Unfair Competition)

42.    adidas repeats and incorporates by reference the allegations contained in paragraphs 1-41.

43.    Defendant's use of confusingly similar imitations of adidas's Three-Stripe Mark has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's goods are manufactured or distributed by adidas, or affiliated, connected, or associated with adidas, or have the sponsorship, endorsement, or approval of adidas.

44.    Defendant has made false representations, false descriptions, and false designations of origin of its goods in violation of 15 U.S.C. § 1125(a), and Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to adidas's goodwill and reputation as symbolized by the Three-Stripe Mark, for which adidas has no adequate remedy at law.

45.    Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's Three-Stripe Mark to the great and irreparable injury of adidas.

46.    Defendant's conduct has caused, and is likely to continue causing, substantial injury to the public and to adidas, and adidas is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits, and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(a), 1116 and 1117.

12-  COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  (503) 727-2000
Fax:  (503) 727-2222

## THIRD CLAIM FOR RELIEF
### (Federal Trademark Dilution)

47.    adidas repeats and incorporates by reference the allegations contained in paragraphs 1-46.

48.    adidas has extensively and continuously promoted and used the registered Three-Stripe Mark both in the United States and throughout the world, and the mark has thereby become a famous and well-known symbol of adidas's goods and services.

49.    Defendant is making commercial use in commerce of marks that dilute and are likely to dilute the distinctiveness of adidas's Three-Stripe Mark by eroding the public's exclusive identification of these famous marks with adidas, tarnishing and degrading the positive associations and prestigious connotations of the marks, and otherwise lessening the capacity of the marks to identify and distinguish goods and services.

50.    Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's Three-Stripe Mark or to cause dilution of the Three-Stripe Mark, to the great and irreparable injury of adidas.

51.    Defendant has caused and will continue to cause irreparable injury to adidas's goodwill and business reputation, and dilution of the distinctiveness and value of adidas's famous and distinctive Three-Stripe Mark in violation of 15 U.S.C. § 1125(c), and adidas therefore is entitled to injunctive relief and to Defendant's profits, actual damages, enhanced profits, and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(c), 1116 and 1117.

## FOURTH CLAIM FOR RELIEF
### (State Trademark Dilution and Injury to Business Reputation)

52.    adidas repeats and incorporates by reference the allegations contained in paragraphs 1-51.

[21184-0055/PA052290.080]

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  (503) 727-2000
Fax:  (503) 727-2222

53.    adidas has extensively and continuously promoted and used the registered Three-Stripe Mark both in the United States and throughout the world, and the mark has become a distinctive, famous, and well-known symbol of adidas's goods and services.

54.    Defendant's unauthorized use of adidas's registered Three-Stripe Mark dilutes and is likely to continue to dilute the distinctiveness of adidas's mark by eroding the public's exclusive identification of this famous mark with adidas, tarnishing and degrading the positive associations and prestigious connotations of the mark, and otherwise lessening the capacity of the mark to identify and distinguish adidas's goods and services.

55.    Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's Three-Stripe Mark or to cause dilution of the Three-Stripe Mark, to the great and irreparable injury of adidas.

56.    Defendant is causing and will continue to cause irreparable injury to adidas's goodwill and business reputation, and dilution of the distinctiveness and value of adidas's famous and distinctive Three-Stripe Mark in violation of the Oregon Antidilution Act, OR. REV. STAT. § 647.107 (2001), as well as the antidilution laws of the several states, including Alabama, ALA. CODE § 8-12-17 (2003); Alaska, ALASKA STAT. §45.50.180 (Michie 2002); Arizona, ARIZ. REV. STAT. ANN. §44-1448.01 (West 2003); Arkansas, ARK. CODE ANN. § 4-71-213 (2002); California, CAL. BUS. & PROF. CODE § 14330 (West 2003); Connecticut, CONN. GEN. STAT. ANN § 35-11i(c) (West 2003); Delaware, DEL. CODE ANN. tit. 6, § 3313 (2002); Florida, FLA. STAT. ANN. § 495.151 (West 2003); Georgia, GA. CODE ANN. § 10-1-451 (2003); Hawaii, HAW. REV. STAT. ANN. §482-32 (Michie 2003); Idaho, IDAHO CODE § 48-513 (Michie 2002); Illinois, 765 ILL. COMP. STAT. ANN. 1036/65 (2003); Iowa, IOWA CODE ANN. § 548.113 (West 2003); Kansas, KAN. STAT. ANN. § 81-214 (2002); Louisiana, LA. REV. STAT. ANN. § 51:223.1 (West 2003); Maine, ME. REV. STAT. ANN. tit. 10, § 1530 (West 2003); Massachusetts, MASS. GEN. LAWS. ANN. ch. 110B, § 12 (West 2003); Minnesota, MINN. STAT. ANN. § 333.285 (West 2003); Mississippi, MISS. CODE. ANN.

14-  COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  (503) 727-2000
Fax:  (503) 727-2222

§ 75-25-25 (2003); Missouri, MO. ANN. STAT. § 417.061(1) (West 2002); Montana, MONT.

CODE ANN. § 30-13-334 (2003); Nebraska, NEB. REV. STAT. ANN. §87-140 (Michie 2002);

New Hampshire, N.H. REV. STAT. ANN. § 350-A:12 (2003); New Jersey, N.J. STAT. ANN.

56:3- 13.20 (West 2003); New Mexico, N.M. STAT. ANN. § 57-3B-15 (Michie 2002); New

York, N.Y. GEN. BUS. Law § 360-l (2003); Pennsylvania, 54 PA. CONS. STAT. ANN. § 1124

(West 1996); Rhode Island, R.I. GEN. LAWS § 6-2-12 (1992); South Carolina, S. C. CODE

ANN. § 39-15-1165 (2002); Tennessee, TENN. CODE ANN. § 47-25-513 (2003); Texas, TEX.

BUS. & COM. CODE ANN. § 16.29 (Vernon 2003); Utah, UT. CODE ANN. §70-3a-403

(2002); Washington, WASH. REV. CODE ANN. § 19.77.160 (2003); West Virginia, W. VA.

CODE ANN. 47-2-13 (Michie 2003); and Wyoming, WYO. STAT. ANN. § 40-1-115 (Michie

2002).  adidas therefore is entitled to injunctive relief, damages and costs, as well as, if

appropriate, enhanced damages and reasonable attorneys' fees.

### FIFTH CLAIM FOR RELIEF
#### (Unfair and Deceptive Trade Practices)

57.    adidas repeats and incorporates by reference the allegations contained in

paragraphs 1-56.

58.    Defendant has been and is passing off its goods as those of adidas, causing a

likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of

Defendant's goods, causing a likelihood of confusion as to Defendant's affiliation, connection, or

association with adidas, and otherwise damaging the public.  Defendant's conduct constitutes

unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation

of Oregon's Unlawful Trade Practices Act, OR. REV. STAT. §§ 646.605 to 646.656 (1997), and

the unfair and deceptive trade practices statutes of other states, including Colorado, COLO. REV.

STAT. ANN. §§ 6-1-101 to 6-1-115 (West 1996 and Supp. 1998); Delaware, DEL. CODE ANN.

tit. 6, §§ 2531 to 2536 (1993 & Supp. 1998); Georgia, GA. CODE ANN. §§ 10-1-370 to 10-1-

375 (1994); Hawaii, HAW. REV. STAT. §§ 481A-1 to 481A-5 (1993); Illinois, 815 ILL. COMP.

15-  COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  (503) 727-2000
Fax:  (503) 727-2222

[21184-0055/PA052290.080]

STAT. ANN. 510/1 to 510/7 (1993); Maine, ME. REV. STAT. ANN. tit. 10, §§ 1211 to 1216
(West 1996); Minnesota, MINN. STAT. ANN. § 325D.43 to .48 (West 1995); Nebraska, NEB.
REV. STAT. §§ 87-301 to 87-306 (1995); New Mexico, N.M. STAT. ANN. §§ 57-12-1 to 57-
12-22 (Michie 1995); New York, N.Y. GEN. BUS. Law § 349 (McKinney 1988); Ohio, OHIO
REV. CODE ANN. §§ 4165.01 to 4165.04 (West 1995); and Oklahoma, OKLA. STAT. ANN.
tit. 78, §§ 51 to 55 (West 1995 & Supp. 1998).

59.    Defendant's unauthorized use of confusingly similar imitations of adidas's Three-
Stripe Mark has caused and is likely to continue to cause substantial injury to the public and to
adidas, and adidas is entitled to injunctive relief and to recover damages, punitive damages,
costs, and reasonable attorneys' fees.

### SIXTH CLAIM FOR RELIEF
**(Common Law Trademark Infringement and Unfair Competition)**

60.    adidas repeats and incorporates by reference the allegations contained in
paragraphs 1-59.

61.    Defendant's acts constitute common law trademark infringement and unfair
competition, and have created and will continue to create a likelihood of confusion to the
irreparable injury of adidas unless restrained by this Court, and adidas has no adequate remedy at
law for this injury.

62.    On information and belief, Defendant acted with full knowledge of adidas's use
of, and statutory and common law rights to, the Three-Stripe Mark and without regard to the
likelihood of confusion of the public created by Defendant's activities.

63.    Defendant's actions demonstrate an intentional, willful, and malicious intent to
trade on the goodwill associated with adidas's Three-Stripe Mark to the great and irreparable
injury of adidas.

64.    As a result of Defendant's acts, adidas has been damaged in an amount not as yet
determined or ascertainable.  At a minimum, however, adidas is entitled to injunctive relief, an

16- COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: (503) 727-2000
Fax: (503) 727-2222

accounting of Defendant's profits, damages, and costs. In light of the deliberately fraudulent and malicious use of confusingly similar imitations of adidas's Three-Stripe Mark, and the need to deter Defendant from similar conduct, adidas additionally is entitled to punitive damages.

## SEVENTH CLAIM FOR RELIEF
### (Breach of Contract)

65.    adidas repeats and incorporates by reference the allegations contained in paragraphs 1-64.

66.    The Settlement Agreement is a valid, binding, and enforceable contract and was supported by adequate consideration.

67.    adidas has performed all of its obligations under the Settlement Agreement, except for those obligations that have been waived or excused by Defendant's conduct.

68.    Defendant's display, sale, and offer for sale of footwear bearing confusingly similar imitations of the Three-Stripe Mark constitutes a material breach of the Settlement Agreement, for which adidas is entitled to recover damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that:

1.    Defendant and all its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendant, or in concert or participation with Defendant, and each of them, be enjoined permanently, from:

a.    using the Three-Stripe Mark or any other copy, reproduction, or colorable imitation, or simulation of adidas's Three-Stripe Mark on or in connection with Defendant's goods or services;

b.    using any trademark, service mark, name, logo, design, or source designation of any kind on or in connection with Defendant's goods or services that is a copy,

17-  COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  (503) 727-2000
Fax:  (503) 727-2222

reproduction, colorable imitation, or simulation of, or confusingly similar to, the trademarks, service marks, names, or logos of adidas;

        c.      using any trademark, service mark, name, logo, design, or source designation of any kind on or in connection with Defendant's goods or services that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by adidas, or are sponsored or authorized by or in any way connected or related to adidas;

        d.      using any trademark, service mark, name, logo, design, or source designation of any kind on or in connection with Defendant's goods or services that dilutes or is likely to dilute the distinctiveness of the trademarks, service marks, names, or logos of adidas; and

        e.      passing off, palming off, or assisting in passing off or palming off, Defendant's goods or services as those of adidas, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint;

        2.      Defendant be ordered to recall all products bearing the Three-Stripe Mark or any other confusingly similar mark, which have been shipped by Defendant or under Defendant's authority, to any customer including, but not limited to, any wholesaler, distributor, retailer, consignor, or marketer, and also to deliver to each customer a copy of this Court's order as it relates to said injunctive relief against Defendant;

        3.      Defendant be ordered to deliver up for impoundment and for destruction all footwear, bags, boxes, labels, tags, signs, packages, receptacles, advertising, sample books, promotional material, stationery, or other materials in the possession, custody, or under the control of Defendant that are found to adopt, infringe, or dilute any of adidas's trademarks or that otherwise unfairly compete with adidas and its products and services;

        4.      Defendant be compelled to account to adidas for any and all profits derived by Defendant from the sale or distribution of infringing goods as described in this Complaint;

18-  COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  (503) 727-2000
Fax:  (503) 727-2222

[21184-0055/PA052290.080]

5.      adidas be awarded all damages caused by the acts forming the basis of this Complaint;

6.      Based on Defendant's knowing and intentional use of confusingly similar imitations of adidas's Three-Stripe Mark, the damages award be trebled and the award of Defendant's profits be enhanced as provided for by 15 U.S.C. § 1117(a);

7.      Defendant be required to pay to adidas the costs of this action and their reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a), and the state statutes cited in this Complaint;

8.      Based on Defendant's willful and deliberate infringement and dilution of adidas's marks, and to deter such conduct in the future, adidas be awarded punitive damages; and

9.      adidas have such other and further relief as the Court may deem just.

## JURY TRIAL DEMAND

Plaintiffs respectfully demand a trial by jury on all claims and issues so triable.

DATED:  August 19, 2005

**PERKINS COIE LLP**

By _____
        Stephen M. Feldman, OSB No. 93267
        Thomas R. Johnson, OSB No. 01064
        Telephone:  (503) 727-2000

Attorneys for Plaintiffs

Jerre B. Swann
William H. Brewster
R. Charles Henn Jr.
**KILPATRICK STOCKTON LLP**
Suite 2800
1100 Peachtree Street
Atlanta, GA 30309
Telephone:  (404) 815-6500
Facsimile:  (404) 815-6555

Of Counsel for Plaintiffs

19-  COMPLAINT

[21184-0055/PA052290.080]



SUPERSTAR 2G

Upper: Full-grain leather.
Midsole: Molded EVA midsole. Lateral TORSION® support. Non-marking herringbone traction rubber outsole.
Profile: Classic old-school style and versatility for the court and for the street.
Available in: Kids'
Sizes: 6.5–15,16,17,18,19,20

MSRP $69.99

669165    Black/Black    7/1/01

669164    Blue/Running White/Blue    7/1/01

669166    Running White/Running White/Silver    7/1/01

672428    Running White/University Red    7/1/01

672429    Black/Running White    7/1/01

669163    Running White/Black/Running White    7/1/01

669162    Running White/New Navy    7/1/01

PAGE 7

Exhibit 1
Page 1 of 4
Complaint



**ORACLE CANVAS LOGO W** T24750  **$44.99**

Upper: Double-stitched canvas.

Midsole | Outsole: Full rubber outsole.

Profile: A comfortable shoe for casual wear.

Available In: Men's, Women's

Sizes: 5-10,11

**ORACLE CANVAS STRIPES W** T24750  **$44.99**

Upper: Double-stitched canvas.

Midsole | Outsole: Full rubber outsole.

Profile: A comfortable shoe for casual wear.

Available In: Men's, Women's

Sizes: 5-10,11

| | | |
|---|---|---|
| 669388 | 669389 | 669387 |
| Carisa | Running White | Canvas | Chalk | Orchid | Chalk | Running White |
| 4|1|01 | 4|1|01 | 4|1|01 |

| | | |
|---|---|---|
| 669385 | 669386 | |
| Hummus | Running White | Zinc | Running White | |
| 4|1|01 | 4|1|01 | |

| | | |
|---|---|---|
| 668894 | 668895 | 668890 |
| New Navy | Running White | Gum | Orchid | Chalk | Zinc | Running White |
| 4|1|01 | 4|1|01 | 4|1|01 |

Exhibit 1
Page 2 of 4
Complaint



675970
01 l 01 l 02

adiPRENE

Galaxy I
Upper: Nylon mesh and synthetic leather.
Midsole / Outsole: rubber outsole.
Sizes: 2, 3, 4, 5-10
675970 Dark Indigo / Metallic Silver / Appollo / White
$ 39.99
F15565



677616
01 l 01 l 02

Superstar 2G J
Upper: Full-grain leather, Shell toe.
Midsole / Outsole: Molded EVA midsole, Non-marking herringbone rubber outsole.
Sizes: 3.5-6
677616 Running White / Clear
$ 49.99
F25005

677619
01 l 01 l 02

Superstar 2G C
Upper: Full-grain leather, Shell toe.
Midsole / Outsole: Non-marking herringbone rubber outsole.
Sizes: 10.5-3
677619 Running White / Clear
$ 44.99
F25005

Exhibit 1
Page 3 of 4
Complaint



Exhibit 1
Page 4 of 4
Complaint

Int. Cl.: 25

Prior U.S. Cl.: 39

Reg. No. 1,815,956

## United States Patent and Trademark Office

Registered Jan. 11, 1994

### TRADEMARK
### PRINCIPAL REGISTER



ADIDAS AG (FED REP GERMANY JOINT STOCK COMPANY)
D-8522 HERZOGENAURACH, FED REP-GER-MANY

FOR: ATHLETIC FOOTWEAR, IN CLASS 25 (U.S. CL. 39).

FIRST USE 0-0-1952; IN COMMERCE 0-0-1952.
SEC. 2(F).

SER. NO. 74-255,912, FILED 3-16-1992.

MIDGE BUTLER, EXAMINING ATTORNEY

Exhibit 2
Page 1 of 1
Complaint

Int. Cl.: 25

Prior U.S. Cl.: 39

## United States Patent and Trademark Office

Reg. No. 1,833,868
Registered May 3, 1994

### TRADEMARK
### PRINCIPAL REGISTER



ADIDAS AG (FED REP GERMANY JOINT STOCK COMPANY)
D-8572 HERZOGENAURACH, FED REP GERMANY

FOR: ATHLETIC FOOTWEAR, IN CLASS 25 (U.S. CL. 39).

FIRST USE 0-0-1949; IN COMMERCE 0-0-1971.

SEC. 2(F).

SER. NO. 74-263,512, FILED 4-7-1992.

MIDGE BUTLER, EXAMINING ATTORNEY

Exhibit 3
Page 1 of 1
Complaint

01/16/03  THU 13:18 FAX 503 797 4420          ADIDAS LEGAL                                    ☒004

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

## United States Patent and Trademark Office

Reg. No. 2,278,589

Registered Sep. 21, 1999

## TRADEMARK
### PRINCIPAL REGISTER



ADIDAS AG (FED REP GERMANY CORPORA-
TION)
P.O. BOX 1120
HERZOGENAURACH
D-91072, FED REP GERMANY

FOR: ATHLETIC AND LEISURE FOOT-
WEAR, IN CLASS 25 (U.S. CLS. 22 AND 39),
FIRST USE 0-0-1952; IN COMMERCE
0-0-1952.

OWNER OF U.S. REG. NOS. 870,136, 1,815,956,
AND 1,833,868.

SEC. 2(F).

SER. NO. 74-644,822, FILED 3-7-1995.

CHARLES WEIGELL, EXAMINING ATTOR-
NEY

Exhibit 4
Page 1 of 1
Complaint

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

**United States Patent and Trademark Office**

Reg. No. 2,909,861
Registered Dec. 14, 2004

## TRADEMARK
### PRINCIPAL REGISTER



ADIDAS-SALOMON AG (FED REP GERMANY JOINT STOCK COMPANY)
ADI-DASSLER STRASSE 1-2
D-91074 HERZOGENAURACH, FED REP GERMA-NY

FOR: FOOTWEAR, NAMELY, SLIDES, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 0-0-1972; IN COMMERCE 0-0-1972.

OWNER OF U.S. REG. NOS. 870,136, 2,284,308 AND OTHERS.

THE MARK CONSISTS OF THREE STRIPES POSITIONED ON THE TOP PART OF A SLIDE. THE DOTTED OUTLINE OF THE SLIDE IS NOT CLAIMED AS PART OF THE MARK AND IS INTENDED ONLY TO SHOW THE POSITION OF THE MARK.

SEC. 2(F).

SER. NO. 76-535,511, FILED 7-28-2003.

NANCY CLARKE, EXAMINING ATTORNEY

Exhibit 5
Page 1 of 1
Complaint

Int. Cl.: 25

Prior U.S. Cl.: 39

Reg. No. 870,136

**United States Patent and Trademark Office**

Registered May 27, 1969
Renewal Approved Apr. 2, 1990

**10 Year Renewal**

## TRADEMARK
## PRINCIPAL REGISTER



ADIDAS AG (FED REP GERMANY CORPORATION)
HERZOGENAURACH, FED REP GERMANY, BY MERGER WITH AND CHANGE OF NAME FROM ADIDAS-SPORTSCHUHFABRIKEN    ADI DASSLER K.G. (FED REP GERMANY FIRM), HERZOGENAURACH, NEAR NUREMBERG, FED REP GERMANY

OWNER OF U.S. REG. NOS. 631,812, 738,673 AND OTHERS.
THE MARK CONSISTS OF THREE PARALLEL BANDS EXTENDING ALONG THE LENGTH OF EACH

SLEEVE OF THE TRAINING SUIT AND ALONG THE LENGTH OF EACH LEG OF THE TROUSERS, THE BANDS ON THE SLEEVES BEING OF CONTRASTING COLOR TO THAT OF THE REMAINDER OF THE SLEEVE AND THE BANDS ON THE LEGS OF THE TROUSERS BEING OF CONTRASTING COLOR TO THAT OF THE REMAINDER OF THE TROUSER LEGS.

FOR: ATHLETIC TRAINING SUITS, IN CLASS 39 (INT. CL. 25).

FIRST USE 2-0-1967; IN COMMERCE 8-3-1967.

SER. NO. 72-302,478, FILED 7-11-1968.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on May 15, 1990.*

Exhibit 6
Page 1 of 6
Complaint

Prior U.S. Cls.: 22 and 39

United States Patent and Trademark Office

10 Year Renewal

Reg. No. 961,353
Registered June 19, 1973
Renewal Term Begins June 19, 1993

## TRADEMARK
## PRINCIPAL REGISTER



ADIDAS AG (FED REP GERMANY JOINT STOCK COMPANY)
ADI-DASSLER STRASSE 1-2
D-8522 HERZOGENAURACH, FED REP GERMANY, BY CHANGE OF NAME, AND MERGER WITH ADIDAS SPORTSCHUHFABRIKEN ADI DASSLER K. G. (FED REP GERMANY FIRM), NUREMBERG, FED REP GERMANY

OWNER OF U.S. REG. NOS. 631,812, 870,136 AND OTHERS.
THE MARK COMPRISES THREE WHITE STRIPES EXTENDING ACROSS

THE BLUE BACKGROUND OF THE BOX CONTAINER AND THE OUTLINE OF THE CONTAINER BOX IS MADE TO APPEAR IN BROKEN LINES.

FOR: SPECIAL PURPOSE ATHLETIC SHOES, IN CLASS 22 (INT. CL. 25).
FIRST USE 0-0-1967; IN COMMERCE 0-0-1967.

FOR: GENERAL PURPOSE SPORT SHOES , IN CLASS 39 (INT. CL. 25).
FIRST USE 0-0-1967; IN COMMERCE 0-0-1967.

SER. NO. 72-358,532, FILED 5-1-1970.

*...imony whereof I have hereunto set my hand ...caused the seal of The Patent and Trademark ...fice to be affixed on June 29, 1993.*

COMMISSIONER OF PATENTS AND TRADEMARKS

Exhibit 6
Page 2 of 6
Complaint

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

Reg. No. 2,016,963

## United States Patent and Trademark Office    Registered Nov. 19, 1996

### TRADEMARK
### PRINCIPAL REGISTER



ADIDAS AG (FED REP GERMANY CORPORA-
TION)
P.O. BOX 1120
HERZOGENAURACH D-91072, FED REP GER-
MANY

FOR: SPORTS AND LEISURE WEAR,
NAMELY JACKETS, IN CLASS 25 (U.S. CLS. 22
AND 39).
FIRST USE 0-0-1967; IN COMMERCE
0-0-1967.
OWNER OF U.S. REG. NO. 870,136.

THE MARK CONSISTS OF THREE PARAL-
LEL BANDS POSITIONED ALONG THE
LENGTH OF EACH SLEEVE OF A JACKET.
THE DOTTED OUTLINE OF A JACKET IS
NOT PART OF THE MARK BUT IS MERELY
INTENDED TO SHOW THE POSITION OF THE
MARK.
SEC. 2(F).

SER. NO. 74-655,296, FILED 3-23-1995.

ANIL V. GEORGE, EXAMINING ATTORNEY

Exhibit 6
Page 3 of 6
Complaint

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

Reg. No. 2,058,619

## United States Patent and Trademark Office

Registered May 6, 1997

## TRADEMARK
### PRINCIPAL REGISTER



ADIDAS AG (FED REP GERMANY CORPORATION)
P.O. BOX 1120
HERZOGENAURACH D-91072, FED REP GERMANY

FOR: SPORTS AND LEISURE WEAR, NAMELY SHIRTS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 0-0-1967; IN COMMERCE 0-0-1967.

OWNER OF U.S. REG. NO. 870,136.

THE MARK CONSISTS OF THREE PARALLEL BANDS POSITIONED ALONG THE LENGTH OF EACH SLEEVE OF A SHIRT. THE DOTTED OUTLINE OF A SHIRT IS NOT PART OF THE MARK BUT IS MERELY INTENDED TO SHOW THE POSITION OF THE MARK.

SEC. 2(F).

SER. NO. 74-653,301, FILED 3-28-1995.

ANIL V. GEORGE, EXAMINING ATTORNEY

Exhibit 6
Page 4 of 6
Complaint

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

## United States Patent and Trademark Office

Reg. No. 2,284,308

Registered Oct. 12, 1999

## TRADEMARK
### PRINCIPAL REGISTER



ADIDAS-SALOMON AG (FED REP GERMANY JOINT STOCK COMPANY)
P.O. BOX 1120
HERZOGENAURACH, FED REP GERMANY

FOR: SPORTS AND LEISURE WEAR, NAMELY PANTS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 0-0-1967; IN COMMERCE 0-0-1967.

OWNER OF U.S. REG. NOS. 870,136, 1,815,956, AND 1,833,868.

THE MARK CONSISTS THREE PARALLEL BANDS EXTENDING ALONG THE LENGTH OF EACH LEG OF THE PANTS. THE BANDS BEING OF CONTRASTING COLOR TO THAT OF THE REMAINDER OF THE PANTS. THE DOTTED LINES ARE NOT A PART OF THE MARK AND ONLY USED TO INDICATE POSITION.

SEC. 2(F).

SER. NO. 74-653,302, FILED 3-28-1995.

RUDY R. SINGLETON, EXAMINING ATTORNEY

Exhibit 6
Page 5 of 6
Complaint

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

## United States Patent and Trademark Office

Reg. No. 2,278,591
Registered Sep. 21, 1999

## TRADEMARK
### PRINCIPAL REGISTER



ADIDAS AG (FED REP GERMANY CORPORA-
TION)
P.O. BOX 1120
HERZOGENAURACH D-91072, FED REP GER-
MANY

FOR: SPORTS AND LEISURE WEAR,
NAMELY, SHORTS, IN CLASS 25 (U.S. CLS. 22
AND 39).

FIRST USE 0-0-1967; IN COMMERCE
0-0-1967.

OWNER OF U.S. REG. NOS. 870,136, 1,815,956,
AND 1,833,868.

THE MARK CONSISTS THREE PARALLEL
BANDS EXTENDING ALONG THE LENGTH
OF EACH LEG OF THE SHORTS, THE BANDS
BEING OF CONTRASTING COLOR TO THAT
OF THE REMAINDER OF THE SHORTS. THE
DOTTED LINES ARE NOT A PART OF THE
MARK AND ONLY USED TO INDICATE POSI-
TION.
SEC. 2(F).

SER. NO. 74-653,303, FILED 3-28-1995.

RUDY R. SINGLETON, EXAMINING ATTOR-
NEY

Exhibit 6
Page 6 of 6
Complaint

Int. Cls.: 18, 25 and 28

Prior U.S. Cls.: 3, 22 and 39

Reg. No. 1,674,229

## United States Patent and Trademark Office

Registered Feb. 4, 1992

## TRADEMARK
### PRINCIPAL REGISTER

## THE BRAND WITH THE THREE STRIPES

ADIDAS AG (FED REP GERMANY CORPORATION)
D-8522 HERZOGENAURACH, FED REP GERMANY

FOR: SPORT BAGS FOR GENERAL USE AND CROSS-COUNTRY BACK-PACKS, IN CLASS 18 (U.S. CL. 3).

FIRST USE 1-0-1968; IN COMMERCE 1-0-1968.

FOR: SPORT AND LEISURE WEAR; NAMELY, SHORTS, PANTS, SHIRTS, T-SHIRTS, JERSEYS, TIGHTS, SOCKS, GLOVES, JACKETS, SWIMWEAR, SWEATERS, CAPS AND HATS, PULL-OVERS, WARM-UP SUITS, RAIN SUITS, SKI SUITS, JUMPSUITS, BOOTS, SLIPPERS, SANDALS; SHOES, BOOTS AND AFTER SKI BOOTS FOR HIKING AND TREKKING, ATHLETIC SHOES AND GENERAL-PURPOSE SPORTS SHOES, IN CLASS 25 (U.S. CL. 39).

FIRST USE 1-0-1968; IN COMMERCE 1-0-1968.

FOR: SPORTS BALLS, RACKETS FOR TENNIS, SQUASH OR SHUTTLECOCK; ICE AND ROLLERSKATES, SKIS AND SKI EQUIPMENT; NAMELY, CROSS-COUNTRY SKIBINDINGS AND PARTS THEREOF, CROSS-COUNTRY SKIING OVERSHOES, RACKET COVERS, HAND-PADDLES AND KICKBOARDS, IN CLASS 28 (U.S. CL. 22).

FIRST USE 1-0-1968; IN COMMERCE 1-0-1968.

OWNER OF U.S. REG. NOS. 641,906, 1,428,947 AND OTHERS.

SEC. 2(F).

SER. NO. 74-023,435, FILED 1-29-1990.

JANICE O'LEAR, EXAMINING ATTORNEY

Exhibit 7
Page 1 of 1
Complaint

## SETTLEMENT AGREEMENT

THIS AGREEMENT is made and entered into this 1st day of November, 2002 (the "Effective Date"), by and between adidas America, Inc., on behalf of itself, adidas-Salomon AG, and its affiliates, including adidas International B.V. (collectively, "adidas") and Wal-Mart Stores, Inc. ("Wal-Mart").

WHEREAS, adidas has extensively used and promoted the THREE STRIPE Mark (consisting of three substantially vertical or diagonal parallel bands positioned along the side panel of the footwear) in connection with a wide variety of goods, including footwear;

WHEREAS, adidas has extensively used and promoted the Superstar Trade Dress, which consists of a unique and nonfunctional combination of three stripes on the side of the shoe, a rubber "shell" toe cap (consisting of rubberized raised ridges creating the appearance of a sea shell), a flat sole, and a contrasting color "moustache" shaped patch at the upper portion of the heel;

WHEREAS, the THREE STRIPE Mark and Superstar Trade Dress identify adidas as the source of goods on which they appear;

WHEREAS, adidas is the owner of federal and state trademark registrations covering the THREE STRIPE Mark in connection with footwear, including U.S. Registration No. 1,815,956 for "athletic footwear" and U.S. Registration No. 1,833,868 for "athletic footwear";

WHEREAS, Wal-Mart acknowledges the validity of adidas's rights in the THREE STRIPE Mark and the Superstar Trade Dress, including the validity of adidas's federal and state trademark registrations;

WHEREAS, Wal-Mart has displayed, offered for sale and/or sold footwear items attached as Exhibit A to this Agreement (the "Wal-Mart Shoes");

WHEREAS, adidas filed a civil action styled *adidas-Salomon AG and adidas America, Inc. v. Wal-Mart Stores, Inc.* in the United States District Court for the District of Oregon, alleging trademark and trade dress infringement, trademark and trade dress dilution, and unfair competition under federal and state law (the "Civil Action");

WHEREAS, Wal-Mart denies all allegations of trademark and trade dress infringement, trademark and trade dress dilution, and unfair competition, or any liability therefor;

WHEREAS, adidas and Wal-Mart (collectively, "the Parties") wish to settle their dispute amicably;

NOW, THEREFORE, in consideration of the mutual promises and covenants in this Agreement and other good and valuable consideration, the receipt and sufficiency of which are acknowledged, the Parties agree as follows:

Exhibit 8
Page 1 of 6
Complaint

1.    <u>Payment</u>.  Within ten (10) days of the Effective Date, Wal-Mart will pay adidas the sum of                                    in the form of a check payable to "adidas International B.V." The Parties will keep the amount of this payment confidential and will not disclose it to third parties.

2.    <u>Dismissal of Civil Action</u>.  Within ten (10) days of the Effective Date, adidas will dismiss all claims against Wal-Mart in the Civil Action with prejudice by filing a Notice of Dismissal substantially in the form attached as Exhibit B.

3.    <u>Wal-Mart's Merchandise</u>.  Wal-Mart represents and warrants that it has sold or will sell approximately 146,000 pairs of the Wal-Mart Shoes, which constitutes the entirety of Wal-Mart's inventory of the Wal-Mart Shoes.  Thereafter, Wal-Mart will not sell or offer for sale the Wal-Mart Shoes.

4.    <u>Undertakings by Wal-Mart</u>.  Wal-Mart promises and agrees, on its own behalf, and on behalf of any and all of its parents, subsidiaries, affiliates or associated entities, and each of their owners, officers, directors, partners, employees, agents, representatives, attorneys, predecessors, successors, heirs and assigns, that it shall cease and permanently refrain from displaying, selling or offering for sale: (1) any footwear bearing the THREE STRIPE Mark or any confusingly similar imitation thereof; and (2) footwear bearing the Superstar Trade Dress or any confusingly similar imitation thereof.  Wal-Mart shall not at any time take any action contesting or in any way impairing or tending to impair any part of adidas's right, title and interest in and to the THREE STRIPE Mark, including any application or registration therefor. The prohibition in the preceding sentence includes, but is not limited to, asserting in any proceeding that the THREE STRIPE Mark is not distinctive, or that the THREE STRIPE Mark is generic, descriptive, functional or mere ornamentation.

5.    <u>Modifications of Undertakings by Wal-Mart</u>.  Wal-Mart's promises, obligations and rights under the proceeding paragraph 4 will be automatically modified to the extent a final judgment of a court of competent jurisdiction after all appeals have been exhausted eliminates or materially limits the scope of protection adidas claims in the THREE STRIPE mark or the Superstar Trade Dress.

6.    <u>Mutual Release</u>.  Except as provided in this Agreement, the Parties hereby release, acquit, and forever discharge one another from any and all claims, demands or causes of action of any type whatsoever (in law, equity, under a statute or otherwise) based on events occurring on or before the Effective Date and arising from Wal-Mart's sale of the Wal-Mart shoes, including but not limited to all claims, demands and causes of action asserted or referred to or that could have been asserted in the Civil Action.  The Parties certify that they have full authority to release all claims or matters referred to in this general release, and that they have not pledged, assigned, or otherwise transferred any rights with respect to the claims or matters being released.  Nothing in this Agreement shall be construed as a limitation on either party's right to bring any cause of action whatsoever (including without limitation for trademark infringement, trademark dilution, or unfair competition) against the other or against any other party based on events occurring after the Effective Date that are not in compliance with the terms of this agreement.

Exhibit 8
Page 2 of 6
Complaint

7.    Entire Agreement.  This Agreement contains the entire understanding and complete agreement of the Parties with respect to the circumstances, matters, events and transactions that are the subject matter of this Agreement.  No amendment or modification of this Agreement shall be valid or binding upon the Parties unless made in writing and executed by the Parties.  Nothing in this Agreement shall expand, limit or modify in any way the Parties' rights and obligations under the Judgment on Consent by Wal-Mart Stores, Inc. dated March 15, 1996 (or any private settlement agreements between the parties associated therewith), which shall remain in full force and effect.

8.    Agreement Binding.  This Agreement shall be binding upon and inure to the benefit of the Parties and their respective parents, subsidiaries, affiliates, and associated entities and each of their owners, officer's, directors, partners, employees, agents, representatives, attorneys, predecessors, successors, heirs, and assigns.  The Agreement is a fully negotiated document and shall be deemed to have been jointly drafted by the Parties, and therefore shall not be more strictly construed against any party as the draftsman.

9.    Choice of Law.  The validity, performance, construction, interpretation, enforcement, and effect of this Agreement shall be governed by and enforced in accordance with the substantive laws of the State of Oregon.

10.    Nonwaiver.  adidas's failure to insist upon strict performance of any term of this Agreement or to exercise any right provided in this Agreement shall not be construed as a waiver or a relinquishment for the future of such term or right, which shall continue in full force and effect.

11.    Counterparts.  This Agreement may be executed in several counterparts, each of which shall be deemed an original, but all together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed by their duly authorized representatives as of the date first written above.

**ADIDAS AMERICA, INC.**                    **WAL-MART STORES, INC.**

By:    Paul Ehrlich                         By: THOMAS C, EWING
       General Counsel                      Title:  VP, GC —Litigation

**ADIDAS-SALOMON AG**
**ADIDAS INTERNATIONAL, B.V.**

By:    Tim Behean
Title:  ASSOCIATE GENERAL COUNSEL, IP

3

Exhibit 8
Page 3 of 6
Complaint

**EXHIBIT A**



4

Exhibit 8
Page 4 of 6
Complaint

**EXHIBIT B**

**Stephen M. Feldman,** OSB No. 93267; sfeldman@perkinscoie.com
**Thomas R. Johnson,** OSB No. 01064; trjohnson@perkinscoie.com
PERKINS COIE LLP
PacWest Center, Suite 1500
1211 S.W. Fifth Avenue
Portland, OR  97204-3715
Telephone:  (503) 727-2000
Facsimile:  (503) 727-2222

      Attorneys for Plaintiffs

**Jerre B. Swann;** jswann@kilpatrickstockton.com
**William H. Brewster;** bbrewster@kilpatrickstockton.com
**R. Charles Henn Jr.;** chenn@kilpatrickstockton.com
(admitted *pro hac vice*)
KILPATRICK STOCKTON LLP
Suite 2800
1100 Peachtree Street
Atlanta, Georgia 30309-4530
Telephone:  (404) 815-6500
Facsimile:  (404) 815-6555

      Of Counsel for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ADIDAS-SALOMON AG and<br>ADIDAS AMERICA, INC.<br><br>    Plaintiffs,<br><br>v.<br><br>WAL-MART STORES, INC.<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. _____

**NOTICE OF DISMISSAL**

Pursuant to Fed. R. Civ. P. 41(a)(1), Plaintiffs adidas-Salomon AG and adidas America, Inc. hereby dismiss with prejudice all claims in this action.

5

Exhibit 8
Page 5 of 6
Complaint

DATED:  November 6, 2002

PERKINS COIE LLP


By _____
      Stephen M. Feldman, OSB No. 93267
      Thomas R. Johnson, OSB No. 01064
      Telephone:  (503) 727-2000

Attorneys for Plaintiffs

Jerre B. Swann, (admitted *pro hac vice*)
William H. Brewster, (admitted *pro hac vice*)
R. Charles Henn Jr., (admitted *pro hac vice*)
**KILPATRICK STOCKTON LLP**
Suite 2800
1100 Peachtree Street
Atlanta, GA 30309
Telephone:  (404) 815-6500
Facsimile:  (404) 815-6555

Of Counsel for Plaintiffs

Exhibit 8
Page 6 of 6
Complaint