Case 3:05-cv-01297-BR    Document 44    Filed 06/16/06    Page 1 of 8

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ADIDAS AMERICA, INC., and ADIDAS-SALOMON AG, | 05-CV-1297-BR |
| Plaintiffs, | OPINION AND ORDER |
| v. | |
| WAL-MART STORES, INC., | |
| Defendant. | |

STEPHEN M. FELDMAN
THOMAS R. JOHNSON
Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209
(503) 727-2000

JERRE B. SWANN
WILLIAM H. BREWSTER
R. CHARLES HENN, JR.
Kilpatrick Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
(404) 815-6500

        Attorneys for Plaintiffs

1 - OPINION AND ORDER

**SAMUEL FIFER**
**MELVIN M. WRIGHT, JR.**
**TERANCE A. GONSALVES**
**MINDI M. RICHTER**
Sonnenschein Nath & Rosenthal LLP
7800 Sears Tower
233 S. Wacker Drive
Chicago, IL  60606
(312) 876-8000

**DANIEL H. SKERRITT**
**AVA L. SCHOEN**
Tonkon Torp LLP
1600 Pioneer Tower
888 S.W. Fifth Avenue
Portland, OR  97204-2099

      Attorneys for Defendant


**BROWN, Judge.**

    This matter comes before the Court on Defendant's Motion to Enforce March 15, 1996 Judgment on Consent (#17).  On May 1, 2006, the Court heard oral argument on the Motion and took it under advisement.

    For the reasons that follow, the Court **DENIES** Defendant's Motion.


<u>**BACKGROUND**</u>

    In 1995, adidas brought an action in this Court against Wal-Mart alleging trademark infringement and trade-dress infringement of adidas's three-stripe trademark.  The parties settled the case, and on March 15, 1996, Magistrate Judge John Jelderks

2 - OPINION AND ORDER

signed a Judgment on Consent (1996 Consent Judgment) in which Wal-Mart was "permanently enjoined and restrained from . . . selling any footwear with three parallel stripes, . . . ordering any footwear with four parallel stripes with serrated edges on it [, and] . . . selling after April 20, 1996 any footwear with four parallel stripes with serrated edges on it."  Feldman Decl., Ex. 3 at 2.

In September 1999, adidas received a trademark for three stripes with straight edges.  In 2001 Wal-Mart began selling a shoe that had four straight-edged stripes.  On August 13, 2002, adidas brought another action in this Court against Wal-Mart.  adidas alleged trademark and trade-dress infringement, trademark and trade-dress dilution, unfair competition, and deceptive trade practices relating to the four-striped shoe that Wal-Mart was selling.  adidas contended this shoe was a "knock-off" of the adidas "Superstar" shoe design, which has three straight-edged stripes.  Neither adidas nor Wal-Mart, however, asserted any claim for breach or enforcement of the 1996 Consent Judgment in the 2002 action.

On November 1, 2002, Wal-Mart and adidas entered into a Settlement Agreement in the 2002 action, which provided in pertinent part:

> Nothing in this Agreement shall expand, limit or modify in any way the Parties' rights and obligations under the Judgment of Consent . . . dated March 15, 1996, . . . which shall remain in

3 - OPINION AND ORDER

full force and effect.

Compl., Ex. 8 at 3.

On August 19, 2005, adidas brought this action against Wal-Mart alleging trademark infringement, trademark dilution, unfair competition, deceptive trade practices, and breach of the parties' 2002 Settlement Agreement.  adidas alleges Wal-Mart is selling shoes with two and four straight-edged stripes that are confusingly similar to adidas's three straight-edged striped shoes, and, therefore, Wal-Mart is infringing adidas's trademark and violating the 2002 Settlement Agreement.  Again, adidas does not assert a claim for violation of the 1996 Consent Judgment.

On February 23, 2006, Wal-Mart filed in this action a Motion to Enforce March 15, 1996 Judgment on Consent in which Wal-Mart contends adidas may pursue the remedies it now seeks only if Wal-Mart has violated the 1996 Consent Judgment and only if the remedies that adidas seeks are available under the 1996 Consent Judgment.

## **STANDARDS**

Consent judgments should be interpreted according to the principles of contract law.  *See Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989).  *See also Stone v. City and County of San Francisci*, 968 F.2d 850, 861 n.20 (9th Cir. 1992)("The standard for enforcing the consent decrees . . . is determined by the

4 - OPINION AND ORDER

terms of the agreement, much like a contract."). "[T]he 'scope of a consent decree must be discerned within its four corners, and not by reference to what might satisfy the purposes of one of the parties to it' or by what 'might have been written had the plaintiff established his factual claims and legal theories in litigation.'" *Firefighters Local Union No. 1784 v. Stotts*, 467 U.S. 561, 574 (1984)(quoting *U. S. v. Armour & Co.*, 402 U.S. 673, 681-82 (1971)).

## DISCUSSION

Wal-Mart asks the Court: (1) to "[i]nvoke the jurisdiction of the Judgment on Consent entered on March 15, 1996, over this matter" and (2) to "[e]valuate adidas' claims set forth in the 2005 Complaint, pursuant to the terms of the Judgment on Consent entered on March 15, 1996."

The 1996 Consent Judgment prohibited Wal-Mart from using specifically enumerated designs and prohibited adidas from continuing its action with respect to those designs. Although Wal-Mart agrees the 1996 Consent Judgment prohibits it from selling footwear with three parallel stripes or with four parallel serrated-edged stripes, Wal-Mart argues the 1996 Consent Judgment by extension allows it to make other designs that were not addressed specifically such as footwear with four parallel straight-edged stripes or footwear with two stripes. According

5 - OPINION AND ORDER

to Wal-Mart, only the 1996 Consent Judgment governs any claim by adidas against Wal-Mart related to infringement of adidas's footwear trademark or trade-dress.  Because Wal-Mart maintains it is in compliance with and has not violated the terms of the 1996 Consent Judgment, Wal-Mart argues adidas may not bring this infringement action.

On the other hand, adidas contends the 1996 Consent Judgment did not anticipate and, therefore, did not apply to two and four straight-edged striped shoes.  To support its position, adidas points out the 1996 Consent Judgment does not contain covenants that prohibit adidas from bringing an infringement action against Wal-Mart as to any stripe pattern without serrated edges nor that limit for all time adidas's rights to stripe patterns other than those at issue in the 1996 Consent Judgment.  In other words, adidas maintains the 1996 Consent Judgment addressed only those designs at issue in the 1995 action (*i.e.*, the three-stripe and four serrated-edged stripe designs) and did not intend to, nor does it, encompass every stripe design of which Wal-Mart possibly could conceive.

As noted, a consent decree "must be discerned within its four corners."  *United States v. Asarco*, 430 F.3d 972, 980 (9th Cir. 2005).  The Supreme Court pointed out in *United States v. Armour & Co.* that "[c]onsent decrees are entered into by parties to a case after careful negotiation has produced agreement on

their precise terms." 402 U.S. 673, 681 (1971). In *Armour*, the defendant, a meat-packing company, allowed Greyhound, a bus company, to buy an ownership share of the defendant's stock at the same time that Greyhound owned grocery subsidiaries even though the defendant was a party to a consent decree that prohibited it from owning grocery stores. *Id*. at 674. The Court concluded Armour, however, did not violate the terms of the consent decree. *Id*. at 682-83. The Court reasoned the decree would have included a prohibition against allowing a corporation like Greyhound from owning both meat-packing companies and grocery stores if the parties had intended to prevent that type of ownership. *Id*.

The analysis in *Armour* is also applicable to this case. The terms of the 1996 Consent Judgment reflect adidas released only those claims against Wal-Mart that were the subject of the 1995 litigation. Notably, the stripe designs at issue in the current action were not produced by Wal-Mart until after the parties entered into the 1996 Consent Judgment. The Court does not find anything in the plain language of the 1996 Consent Judgment to suggest the parties considered and bargained as to every possible shoe design Wal-Mart might create that potentially could infringe adidas's trademarks. Moreover, the Court lacks the authority to read such additional terms into the 1996 Consent Judgment.

Accordingly, the Court concludes the 1996 Consent Judgment

7 - OPINION AND ORDER

is limited to the designs at issue in the 1995 action and, therefore, does not prohibit adidas from bringing this trademark-infringement action.  Thus, the Court denies Defendant's Motion to Enforce the March 15, 1996 Judgment on Consent as to shoe designs other than those actually at issue in the 1996 Consent Judgment.

## CONCLUSION

For these reasons, the Court **DENIES** Defendant's Motion to Enforce March 15, 1996, Judgment on Consent (#17).

IT IS SO ORDERED.

DATED this 16th day of June, 2006.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge