IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ADIDAS AMERICA, INC., and                    05-CV-1297-BR
ADIDAS-SALOMON AG,

      Plaintiffs,                           OPINION AND ORDER

v.

WAL-MART STORES, INC.,

      Defendant.


**STEPHEN M. FELDMAN**
**THOMAS R. JOHNSON**
Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209
(503) 727-2000

**JERRE B. SWANN**
**WILLIAM H. BREWSTER**
**R. CHARLES HENN, JR.**
**JAMES H. SULLIVAN, JR.**
Kilpatrick Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
(404) 815-6500

      Attorneys for Plaintiffs

1 - OPINION AND ORDER

**RUSSELL H. FALCONER**
**MELVIN M. WRIGHT, JR.**
**SUZANNE M. HENGL**
**PAUL J. REILLY**
**DOREEN L COSTA**
Baker Botts LLP
30 Rockefeller Plaza
New York, NY 10112
(212) 408-2500

**DAVID SCHRAMM**
Kirkpatrick & Lockhart Preston Gates Ellis LLP (Pittsburgh)
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222

**SAMUEL FIFER**
**JAMES A KLENK**
**LEAH R. BRUNO**
**TERANCE A. GONSALVES**
Sonnenschein Nath & Rosenthal LLP
7800 Sears Tower
233 S. Wacker Drive
Chicago, IL  60606
(312) 876-8000

**DANIEL H. SKERRITT**
**AVA L. SCHOEN**
Tonkon Torp LLP
1600 Pioneer Tower
888 S.W. Fifth Avenue
Portland, OR  97204-2099
(503) 802-2143

          Attorneys for Defendant

**BROWN, Judge.**

     This matter comes before the Court on Plaintiff's Motion to
Compel (#103) and Defendant's Motion to Compel Discovery (#105).

     On December 28, 2007, the Court heard oral argument on the
Motions and on the record **GRANTED in part** and **DENIED in part**

2 - OPINION AND ORDER

Plaintiff's Motion as follows:[1]

(1)  Plaintiff's request that Defendant produce in-house design documents of the shoes at issue, including CAD drawings and design-inspiration samples or photos maintained by the product-development group, is **DENIED as moot** because Defendant agreed to certify under oath that it has conducted a thorough search and has produced all documents responsive to this request.

(2)  Plaintiff's request that Defendant produce documents and "things reflecting [Defendant's] purchase of competitors' footwear" (including the footwear of Plaintiff) for use in the product development of Defendant's footwear is **DENIED as moot** because Defendant agreed to certify under oath that it has conducted a thorough search and has produced all documents responsive to this request.

(3)  Plaintiff's request that Defendant produce documents regarding two- and four-stripe Wal-Mart footwear designed or sold in Canada, including buyer/designer information, correspondence, suppliers, design documents, etc., is **GRANTED**.  Defendant shall produce the documents responsive to this request by **January 14, 2008**.

(4)  Plaintiff's request that Defendant produce documents

---

[1] The issues addressed are taken from the Joint Table of Issues filed by the parties (#133).

3 - OPINION AND ORDER

regarding licensing agreements, including agreements with Disney, Dr. Scholls, Shaq, and Starter, is **GRANTED.** Defendant shall produce the licensing agreements and designate a witness who can testify under oath that everything responsive to this request has been produced by **January 14, 2008.**

(5)  Plaintiff's request that Defendant produce documents related to the payment of royalties under license agreements is **GRANTED.**  Defendant shall produce the documents responsive to this request and designate a witness who can testify under oath that everything pertinent to this request has been produced by **January 14, 2008.**

(6)  With respect to Plaintiff's request that Defendant produce documents reflecting sales and revenues and costs and deductions for all of the accused or "unclear" shoes, the Court **DIRECTS** Defendant to file a declaration with Plaintiff by **January 7, 2008**, that details the measures Defendant undertook to search, to identify, and to produce records responsive to this request.  The parties also shall confer and either inform the Court that they have resolved this request or present a proposal to resolve this request by **January 9, 2008.**

(7)  Plaintiff's request that Defendant supplement its responses to interrogatories by describing the identity and

involvement of individuals engaged in the selection, adoption, and first use of a disputed design, including shoes in Canada and footwear at issue not specifically identified in the Complaint, is **GRANTED** with respect to the information sought about shoes in Canada. Defendant shall produce that information by **January 14, 2008.** With respect to the remaining information requested, Defendant shall provide to Plaintiff by **January 14, 2008,** a statement under oath by an individual with personal knowledge that Defendant has conducted a diligent search and does not have any further information to provide in response to this request.

(8) Plaintiff's request that Defendant supplement its responses to interrogatories by identifying the target or typical customers of all of the shoes at issue is **GRANTED**. Defendant shall produce that information by **January 14, 2008.**

(9) Plaintiff's request that Defendant supplement its responses to interrogatories by identifying and describing the involvement of individuals engaged in the creation, preparation, development, or placement of advertising or promotional material for all of the shoes at issue is **GRANTED**. Defendant shall produce that information by **January 14, 2008.**

(10) Plaintiff's request that Defendant supplement its responses

5 - OPINION AND ORDER

to interrogatories to identify third parties selling two-,
three-, or four-stripe footwear is **GRANTED**.  Defendant shall
produce that information by **January 14, 2008.**

(11) Plaintiff's request that Defendant provide an alternate
Rule 30(b)(6) designee to discuss the judgments, injunctions,
consent decrees, and settlement agreements entered against
Defendant is **DENIED** to the extent that Plaintiff wants an
alternate witness.  The request is **GRANTED** with respect to
Plaintiff's request for copies of the judgments, injunctions,
consent decrees, and settlement agreements entered against
Defendant.  Defendant shall produce those documents by
**January 14, 2008.**

(12) Plaintiff's request that Defendant provide an alternate Rule
    30(b)(6) designee to discuss revenues, profits, and
    deductible costs for the footwear at issue is **DENIED**.


At oral argument, the Court **GRANTED in part** and **DENIED in
part** Defendant's Motion as follows:[2]

(1) Defendant's request that Plaintiff provide a Rule 30(b)(6)
    designee to discuss advertising, marketing, and sales by
    Defendant of footwear bearing more than one stripe and the
    degree of care generally exercised by those who purchase

---

[2] The issues addressed are taken from the Joint Table of
Issues filed by the parties (#133).

6 - OPINION AND ORDER

footwear bearing stripe designs from Defendant is **DENIED.**
Plaintiff shall certify to Defendant by **January 14, 2008**,
that beyond the information produced to date, it does not
have anyone who monitors Defendant's footwear.

(2)   Defendant's request that Plaintiff provide a Rule 30(b)(6)
designee to discuss the costs of and profits and losses from
the sale of Plaintiff's footwear bearing the three-stripe
mark, including fixed versus variable analysis of
Plaintiff's expenses, break-even analyses and weighted
average cost of capital, time-value-of-money, hurdle rates,
minimum return rates, or any cost-of-funds rates is **DENIED
as moot.**

(3)   Defendant's request that Plaintiff produce documents and any
effect of Defendant's activities on Plaintiff's Canadian
operations is **GRANTED.**  Plaintiff shall produce these
documents by **January 14, 2008.**

(4)   Defendant's request that Plaintiff produce documents
concerning or related to a pilot survey that Plaintiff
conducted, which indicated possible confusion between
K-Swiss's use of four stripes on footwear and Plaintiff's
three-stripe mark is **DENIED.**

(5)   Defendant's request that Plaintiff produce documents and
testimony related to its agreements with K-Swiss is **GRANTED
in part** to the extent that Plaintiff has the information at

issue and it is not the subject of Plaintiff and K-Swiss's
common-interest communications or Plaintiff's pilot study.
Defendant is entitled to explore the extent to which
Plaintiff was aware K-Swiss was marketing a four-stripe
product.  The parties shall confer and either inform the
Court that they have resolved this request or present a
proposal to resolve this request by **January 9, 2008**.

(6)   Defendant's request that Plaintiff should number the
complete set of documents it has produced to Defendant is
**DENIED**.  The Court, however, **DIRECTS** Plaintiff to make a
numerical record of all documents that it produces to
Defendant in the future.


Due to the parties' unnecessarily contentious behavior
throughout discovery to date and their repeated noncompliance
with this District's Local Rules regarding Motions to Compel and
discovery as noted on the record, the Court prohibits the parties
from filing any further discovery motions in this action.  The
Court also prohibits the parties from filing any overlength
briefs in this action in the future.  To the extent the parties
have any remaining discovery issues they wish to discuss with the
Court, they should contact the Court's staff to schedule a phone
conference at which the Court will screen the issue and decide
how to proceed.

8 - OPINION AND ORDER

Even though the Court did not specifically address the parties' requests for attorneys' fees and costs at the hearing, the Court **DENIES** any such requests because neither party has made a compelling case justifying the award of fees or costs with respect to these Motions.

IT IS SO ORDERED.

DATED this 8th day of January, 2008.

/s/ Anna J. Brown

_____

ANNA J. BROWN
United States District Judge

9 - OPINION AND ORDER